LUCIEN C. BERTRAND, Jr., Judge Pro Tem.
Kenneth Despain appeals a judgment from the Office of Workers’ Compensation denying his claim for benefits and penalties and attorney’s fees. For the following reasons, we affirm in part, reverse in part, and render.
Despain was employed by Guiehard Drilling Company as a derrickman. On April 20, 1990, the valve on a mud pump blew off, releasing pressurized drilling mud, sand and chemicals that struck Despain and threw him several feet across the drilling platform. He sustained injuries to his eyes and to the left side of his body, particularly to his left knee and ankle.
After receiving emergency room attention, Despain chose Dr. James LaFleur to treat his knee and ankle problems. Dr. LaFleur treated Despain conservatively for two months, but he was unable to identify the cause of swelling and tenderness in Despain’s left knee and ankle. When Despain asked to be treated by another orthopedic surgeon, the compensation carrier first requested that he be examined by a physician of its choosing, Dr. Clifton Shepherd. After this examination, Despain chose Dr. Shepherd as his treating physician.
Dr. Shepherd treated Despain from August 10, 1990 through March 19, 1991, performing arthroscopic surgery on his knee and ankle on October 17, 1990. Preoperatively, Dr. Shepherd expected to find a tear of the meniscus cartilage in the knee, but surgery revealed only mild chondromalacia, or softening of the cartilage under the kneecap, a condition that is normally caused by blunt trauma. His examination of the ankle interi- or revealed mild synovitis of the lateral gutter.
Dr. Shepherd continued to treat Despain, prescribing an ankle brace, physical therapy, exercise and anti-inflammatory medication. In a report dated January 16, 1991, Dr. Shepherd stated that he would give Despain “another month to recover, at that time I will assign an impairment rating and activity restrictions to his ankle and to his knee.” However, when Despain returned in February, Dr. Shepherd did not release him but instead prescribed strengthening exercises to correct a ¾" of atrophy in the left thigh compared to the right. Dr. Shepherd again predicted that Despain would be released in one month, but once again he chose not to release Despain when he returned for his next visit on March 19,1991. In a deposition taken that day, Dr. Shepherd stated that he would release Despain on April 19,1991 with a five to six percent impairment rating to the left lower extremity and with no permanent activity restrictions. However, Dr. Shepherd did not release Despain in March because he still needed to determine whether over-the-counter medications were sufficient for Des-pain’s condition. When Despain did not return for the April 19, 1991 visit, the compensation carrier immediately terminated his benefits.
At trial of this matter, Despain testified that he missed his April appointment because he was ill, but when he tried to reschedule it, Dr. Shepherd’s office refused to see him because the insurance carrier had already dropped him. He further testified that Dr. Shepherd’s office refused to release his medical records, and without these records, he could not find another physician to treat him. Apparently, Despain did not receive any medical attention between March 19, 1991 through the date of trial, February 5, 1992.
The hearing officer took the case under advisement after the close of evidence. On November 16, 1992, she summoned the parties to appear for “oral argument,” the transcript of which appears in the record. At this argument, the hearing officer expressed an opinion that the defendants’ may have “jumped the gun” when they terminated benefits before Dr. Shepherd released Despain. She then reopened the evidence to permit Despain to be examined one more time by Dr. Shepherd at the defendants’ expense, as well as a physician of Despairis choosing, at his own expense. After receiving a supplemental report from Dr. Shepherd, in which he stated that his impression of Despain’s disability remained unchanged, the hearing officer dismissed Despain’s suit.
On December 21, 1992, Despain filed a motion for new trial, contending that the hearing officer erred in rendering judgment *1242 against him without considering the report of a physical therapist who examined him shortly after Dr. Shepherd issued his supplemental report. The hearing officer granted Des-pain’s motion for a new trial and fixed a hearing date for March 17,1993. The report of the physical therapist was filed into the record on December 29, 1993. The transcript of the hearing on the motion for a new trial is not in the record, but the hearing officer again ruled in the defendants’ favor. In a letter dated April 16, 1993, the hearing officer stated that she did not consider the report of the physical therapist because she did not receive it until after she had rendered judgment against Despain. However, as discussed above, the record clearly shows that Despain filed this report some two and one-half months before the hearing.
Despain filed this appeal, contending that the hearing officer erred in denying his claim for penalties and attorney’s fees, in failing to consider the report of the physical therapist, and in finding that he is no longer disabled.
Despain’s claim for penalties and attorney’s fees under La.R.S. 23:1201 E and 23:1201.2 is based upon the defendants’ termination of his benefits before he was released by Dr. Shepherd. Under the particular facts presented, we find merit to Des-pain’s contention.
On three occasions after January of 1992, Dr. Shepherd predicted that Despain would fully recover within one month’s time, yet Dr. Shepherd never released Despain. On each follow-up visit, Despain exhibited some symptoms or complaints of pain that led Dr. Shepherd to conclude his patient was still in need of medical attention. In February, Dr. Shepherd would not release Despain because of marked atrophy in his left thigh. In March, the atrophy had improved, but Dr. Shepherd still did not release him because he was uncertain as to whether he no longer needed prescription medication.
It is incumbent upon the insurer to make a reasonable effort to ascertain the plaintiffs exact condition at the time which compensation benefits are terminated. Williams v. Liberty Mutual Insurance Co., 327 So .2d 462 (La.App. 3d Cir.1976). In Williams, we found a doctor’s prediction that the claimant “should respond” to conservative treatment within two to three months to be an insufficient basis for the termination of benefits. See also Guillory v. Soloco, Inc., 570 So.2d 139 (La.App. 3d Cir.1990), where we found it significant that the insurer never inquired as to why the claimant missed a doctor’s appointment before terminating benefits, even though the insurer did not terminate benefits until nine months after the missed appointment.
In the instant case, Dr. Shepherd testified on March 19, 1991 that he would release Despain on April 19, 1991 with a five to six percent permanent impairment of the lower left extremity and with no activity restrictions. However, Despain’s medical records document that since January of 1992, his condition never progressed in accordance with Dr. Shepherd’s predictions. Given this medical history, we find that the insurer’s action in terminating benefits before Despain was released, prompted by one missed appointment, is subject to the penalties provided in §§ 23:1201 E and 23:1201.2. The hearing officer should not have considered Dr. Shepherd’s supplemental report of November 23, 1992 in deciding this issue because this information was unavailable to the insurer when it decided to terminate benefits. See Patton v. Mini-Togs, Inc., 575 So.2d 864 (La.App. 2d Cir.), writ denied, 578 So.2d 140 (La.1991). Accordingly, we order that Des-pain’s temporary total disability benefits be reinstated from the date of termination through November 23, 1992, subject to the penalties of § 23:1201 E and attorney’s fees of $4,000.00, for work performed at trial and on appeal, under § 23:1201.2.
Despain next contends the trial judge erred in denying him a new trial without considering the supplemental report of his physical therapist which was filed in the record before the new trial hearing. We agree the trial court erred in refusing to consider the report and find this error warrants a de novo review of the record by this court. However, we do not find that.the record, in its entirety, supports Despain’s claim of continuing disability and entitlement to supplemental, earnings benefits.
*1243 When the hearing officer reopened the evidence, she permitted Despain to be re-examined by his treating physician, Dr. Shepherd, and she gave him the opportunity to consult another physician. The only additional evidence submitted were the reports of Dr. Shepherd, dated November 23, 1992, and of Martha Gaul, a physical therapist, dated December 2, 1992.
In March of 1991, Dr. Shepherd predicted that he would release Despain with a five to six percent impairment of the lower left extremity and with no activity restrictions. In his supplemental report, issued after an examination on November 19, 1992, Dr. Shepherd stated that his opinions as to impairment and activity restrictions remained the same. The only objective change he noted was that of increased varicosities, which he considered insignificant. Dr. Shepherd noted that Despain had full range of motion of his anide and knee, with no swelling or effusion in either joint.
The only significant difference between Dr. Shepherd’s report and that of the physical therapist is that Ms. Gaul does not report a finding of full range of motion. She also stated that she believed Despain would be restricted from his former occupation, which involved climbing ladders, at that time. Although we acknowledge the different factual finding as to range of motion, we believe the physical therapist’s conclusion as to whether Despain could return to his former occupation is beyond her expertise. Despain was given the opportunity to submit the opinion of another physician, yet chose not to do so. We find nothing in the record to dispute Dr. Shepherd’s opinions regarding permanent impairment and activity restrictions. Des-pain’s claim for supplemental earnings benefits is therefore denied.
For the above reasons, the judgment of the trial court is reversed insofar as it rejects Kenneth Despain’s claim for temporary total disability benefits through November 28, 1992, penalties under La.R.S. 23:1201 E and attorney’s fees under La.R.S. 23:1201.2, which we fix at $4,000.00. In all other respects, the judgment is affirmed. Costs of this appeal are assessed equally to all parties.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED,